Please, Your Honors, I'm Bob Kovacevic, the attorney for the appellant in this case. I'd first like to address the $192,000 or so that was uncredited in this case. As Your Honors know, the stipulation provided that the withholding tax be credited, which is about 77 percent of the alleged deficiency. The government, the appellee, says that in their brief at page 30, and also at a footnote again at page 22 of the brief, say that after the case is done, the credits will be done administratively in the normal course of business after the decision in this case becomes final. The citation is to the Internal Revenue Code 6213 and 3402D. Those statutes say absolutely nothing about when a credit is to be given. The controlling code section or rule is Tax Court 155, which says the amount of the deficiency shall be entered by the court. Obviously, credits and debits are aggregated, and then the bottom line is what the court should enter. But what I didn't quite understand was what the tax court did with respect to this issue. Your Honor, the tax court entered a full deficiency of the prayer. Yes, I understand that, but what was the point made to it that it should take into account? The credits? Yes, Your Honor. In the motion for reconsideration, I wrote very definitely that the court failed to enter the credits, and it was argued. I'm sorry, I can't have my fingertips, but it was raised in both the motion for reconsideration and also, of course, in the briefs here. Yes, and the tax court simply denied the motion for reconsideration. That's correct, Your Honor. Because, well, I note that the government didn't give a very lengthy explanation, but they did say that tax credits that you were entitled to will be applied through an administrative process after the tax court decision becomes final. I think they had one sentence and everything about that, but are you saying that just is not true? It's not correct, Your Honor. There's no support in statutes, regulations for any of that. In the prior case before this court, earlier years of Western Management, this court said that the amount of withholding that can be proven on remand should be credited. Exactly in point is I had to go back to the United States Tax Court and bring a proceeding to get the credit. The proceedings in this case are totally contrary to what the government is saying here. I want to reemphasize, I handle tax matters, as the court may know, and they never give any credits unless they're forced to give credits. And I can say that authoritatively because I've had several of the 100 percent penalty cases and so forth. There's no administration. Is your claim ripe here? You know, assuming you are entitled to those credits, why is your claim ripe, given that the administrative process will only take effect after the tax court decision becomes final? Well, Your Honor, the petition requests credits of withholding already paid, and 3402D of the Internal Revenue Code, which is cited throughout our brief, says that the recipient, the taxpayer, who happens to be myself in this case, if they pay the withholding and tax, the credit must be given. Let me ask you this. If we, if this court were to, in our decision on this appeal, say that the credits will be given administratively and the government has made that representation to this court and it's bound to do that, what's wrong with that? Nothing, Your Honor. I think this court should. I'm asking this court to enter a judgment saying the credits should be given. No, if we simply affirm the district, or the tax court, and say that this is because the government has represented that it will do this and it's bound to do it when the case is final. I can't anticipate the future, but there's going to be then an argument about interest. When does the interest accrue? So what are you asking this court to do? To enter that you are entitled to a tax credit in the amount of. Yes, Your Honor. But then you said you can't even tell us an amount because you don't know what the interest will be. Your Honor, I think it's quite simple. The stipulation. Tell me what you're asking for. I'm asking that the credits be entered in the judgment either in this court or the court remand this and instruct the tax court to enter the amount of credits in the stipulation. It's in the excerpts at 30 to 33. So to enter judgment in accordance with giving credit in accordance with the stipulation. Yes, Your Honor. I don't know whether my colleagues have any other questions. I have that question for the government. Yes. So I think we'd like to hear from the government. Yes, thank you, Your Honor. And the other issues, the subpoena, of course, I've covered that in a brief. There's an argument that it wasn't necessary to give notice and the tax court held that the notice wasn't necessary. But the rules of the tax court, 50B3, allow the court to take action deems appropriate, but the three words that are, of course, highly important and part of due process is on prior notice. I, as the attorney of record in the tax court, was never given prior notice of the quashing of my witness that I called prior to the time it was entered. I was given notice after that. So I had no right to argue, which I would have argued, the attorney that I call or the person I called as an attorney. And the rules of professional conduct say that a lawyer shall not unlawfully obstruct another party's access to evidence. The court said, well, he wasn't served properly. My experience is that an attorney, and I've had some experience with calling attorneys, you call them up and say, hey, we want you to be here, I'll send you a subpoena if you want. I was not able to give that argument because it was never notified. And the Gunther cases that I cite do not allow ex-party contact with the court, Ninth Circuit cases, of course, and allow a new trial with a different judge. My primary thrust here, as I think your honors have gathered, is to get that credit. I have no objection. Yeah, we do understand that, and that's the issue in which we want to hear the government argue. I'll save the rest of my time. Thank you. May it please the Court, I'm Regina Moriarty and represent the Commission of Internal Revenue. The IRS lawyer in this case who, after the parties had entered into the stipulations agreeing to all the taxes due and all the credits, prepared a motion for a decision with the tax court because Western Management refused to sign the decision document. And that decision document included specific lines that included the specific amounts of the income tax withholding. When the tax court judge entered the decision, she only entered like the first three pages, did not include the last pages that had the income tax withholding credits listed on them. Was that a mistake? No. Why? The IRS has no intention of double collecting here because Section 3402D prohibits it. Those credits can't be applied because the assessment hasn't been made yet, and the assessment can't be made until the case is final. It has to go through this court, and if you affirm, then we have to wait for cert time to run. After that happens, the taxes are assessed, and then the credits will be applied. The full amount of the taxes need to be assessed in this case because of the application of penalties and interest. Those are going to go, depend on, you know, when the timing of things occurred, when the individual taxpayer made the payments. But the fact is that the employer still had the liability for the full amount, and so you have to assess that full amount and have that on the books before the credits can be applied. All right. What is applied automatically, or does there need to be another administrative procedure to invoke the credits? In this case, there won't be another administrative proceeding because the parties have agreed to that amount. They've stipulated to it. So basically, once you make the full assessment, then the withholding and the credits basically will be deducted from that. Right. And the amount that will be deducted will be pursuant to the stipulation? Yes. What about interest? Do you take into account any interest, or how does that work? I don't know how the interest is calculated, but in order for it to be calculated and for the penalties to be calculated properly, the full amounts that were due need to be assessed. So then what's the effect of it? But you entered a stipulation, so you knew what the full amount was going to be, right? Right. But like in the prior case that was before this court with Western Management and the Kovacevic's, they each had cases running simultaneously for their individual income taxes and for the employment taxes for Western Management. And because both of those were being contested at the same time, there was no way in that first case that the tax court could figure out what income tax withholding credits would apply because those cases hadn't been decided. And maybe Mr. Kovacevic would have been found not to be an employee, in which case the credits wouldn't apply at all because he wouldn't have been liable for the employment taxes. And in the prior case, his statement that he had to bring proceedings in the prior case to get those credits applied, from my understanding, is not proper because things happen so quickly in the prior case in the tax court that I had the IRS attorney calling me saying, I need you to send my files back before cert time had even run because the tax court was trying to compute that and figure all of that out. I think what... Well, yeah, but we're here now. So he doesn't trust you to do that. So how do we make sure it's done and make everybody happy and get this over? I think that what you need to understand is that... Let's take, for example, if this were an income tax deficiency case. Well, no, but this is what you do. This is what you do. And we do, like, 40 cases in a week. So we just want to tell us what's going to happen, tell us what the numbers are, make those representations so that we don't have to see any of you anymore. What I was going to say is that, I mean, the figures are what the figures are. The parties have stipulated those credits are going to be applied. My perspective is that's the end of the story. But the deficiency doesn't or the tax court decision doesn't need to reflect those credits. If this were an income tax case and a taxpayer filed a tax court petition, and after he filed that he made some payments to the IRS, when the tax court decision came out, it would not reflect those payments. That would be done administratively. It only is going to put out what the deficiency is. And under 6211, that's a very specific item, what that is. But why couldn't the judgment in this case reflect that for the period ending March 31, 1999, for example, petitioner is liable for, but he's entitled to a credit against the income tax withholding in the amount of $12,775. In this case, it could have because the parties had agreed to that amount. Yeah. It was easily done. Well, that's the whole point. And it was submitted to the tax court with that information there. All right. But the judge just didn't sign it. But in a normal case, what happens is. And that's why we're here now. It's. Well, I mean, there's a couple of other collateral issues. Assuming that those fall out, all we're left with is a stipulation that needs to be effectuated. Is that right? Yes. And it will be done. It's amazing to me that we're in the Ninth Circuit trying to figure out a stipulation to be effectuated. The IRS has specific forms and internal revenue manual citations that are very specific about what happens. What normally happens is. Well, what's going to happen here because. This isn't a normal thing. It's stipulated. It's been signed by counsel for the IRS. Those amounts are simply going to be credited to the account after the assessment's made. That's all that's going to happen. Well, suppose that we just say that. Suppose we were to say that the tax court judgment is affirmed with the understanding that when the mandate issues or whatever the tax court has as a piece of paper that the commissioner will administratively give the taxpayer credit in the following amounts. Dot, dot, dot would be perfectly acceptable. And his only other complaint, however, or at least concern as I heard it, is whether he gets interest or not. And I assume that's a question of statute? Yes. And I don't know that. I don't have any calculations on that. Okay. Do you have any further questions for me? No, thank you. Thank you. Trying to avoid repetition. I would suggest, obviously, the courts are going to write the opinion, but the court would only have to say in accordance with the stipulation entered into whatever date this is, on June 8, 2009. All the credits are listed in the stipulation. Right. And I don't think it's necessary to go that far. I just want to point out there is no authority for the government not to do anything. I don't agree with counsel on the interest. That perhaps doesn't engage. But you're happy if we give you a judgment directing that they will do it afterwards? That's correct, Your Honor. I don't mean to waive everything else. I think they're meritorious. Thank you, Your Honor. Thank you. The case just argued is submitted.
judges: Schroeder, McKeown, Callahan